UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV00764 AGF |
| | ) |
| DIAMOND KINGS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff J & J Sports Productions Inc.'s motions for entry of default judgment against two of the original four Defendants in this case, Craig Morris (Doc. No. 11) and Diamond Kings, LLC ("Diamond Kings") (Doc. No. 22). The other two Defendants have been dismissed without prejudice due to Plaintiff's failure to serve them in a timely fashion. For the following reasons, the motions for default judgment will be granted in the amount of $2,350.

## BACKGROUND

Plaintiff filed this action on April 30, 2012, to recover damages for Defendants' violation of the Communications Act of 1934, 47 U.S.C. §§ 605, et seq. (Count I), and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553, et seq. (Count II). Plaintiff also asserts a claim for conversion under Missouri law (Count III). Plaintiff owns the exclusive nationwide television distribution rights to *The*

*Floyd Mayweather, Jr. v. Shane Mosley, Welterweight Championship Fight Program.*

Plaintiff alleges that Defendants displayed the telecast at Diamond Kings, a bar/restaurant in Saint Louis, Missouri, without purchasing the right to do so. Plaintiff alleges that Morris is an owner, operator, licensee, permittee, person in charge, and/or individual with dominion, oversight, and management of the establishment. Further, Plaintiff asserts that the display was done "willfully and for the purposes of direct or indirect commercial advantage or private financial gain." Plaintiff seeks statutory damages of $100,000 in Count I; statutory damages of $50,000 in Count II; and compensatory damages of an unspecified amount on the conversion claim. Plaintiff also seeks attorney's fees and costs under each count.

The record reflects service of summons and the complaint upon Morris on May 20, 2012. Morris failed to file a timely answer or other responsive pleading, and on August 22, 2012, the Clerk of Court entered default against him. On October 10, 2012, Defendant filed proof of service on Diamond Kings, and default was entered against it on October 17, 2012.

In its motions for default judgment against Morris and Diamond Kings, Plaintiff requests an award of statutory damages in the amount of $100,000 and court costs. Plaintiff supports its request for relief with the affidavit of Plaintiff's attorney who attests that Plaintiff is entitled to $100,000 in statutory damages under 47 U.S.C. § 605 and $350 in court fees. (Doc. No. 22-2.)

**DISCUSSION**

Prior to the entry of a default judgment, this Court must satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted).

However, while factual allegations in the complaint are taken as true, allegations relating to the amount of damages must be proven. Fed. R. Civ. P. 8(b)(6) ("An allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied."); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

Under the Communications Act of 1934, the Court may award a sum not less than $1,000 or more than $10,000, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation . . . ." *Id.* § 605(e)(3)(C)(ii). The prevailing party is also entitled to the

3

recovery of full costs, including reasonable attorney's fees. *Id.* § 605(e)(3)(B)(iii).

The Court finds that, accepting the allegations in Plaintiff's complaint as true, Plaintiff has established that it is entitled to damages against Morris and Diamond Kings for a willful violation of 47 U.S.C. § 605 for the purpose of commercial gain. Plaintiff has not requested damages for the alleged violation of 47 U.S.C. § 553 (Count II) or for its state law conversion claim (Count III). Accordingly, the Court will dismiss these counts without prejudice.

Plaintiff does not clarify how it arrived at its request for statutory damages of $100,000. As such, the Court lacks sufficient information to adequately determine statutory damages above the minimum award. *See J & J Sports Prods., Inc. v. JB Rests., LLC,* No.11-03458-CV-FJG, 2012 WL 3835834, at * 2 (W.D. Mo. Sept. 4, 2012) (awarding $1,000 on default judgment where the plaintiff failed to provide evidence quantifying the amount appropriate for relief and the defendant displayed the plaintiff's telecast without permission on one occasion). Thus, the Court will award Plaintiff a total of $3,000, which includes an enhanced award of $2,000 for wilfulness. The Court notes that Plaintiff did not request attorney's fees in its motions for default judgment.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for default judgment against Defendants Craig Morris and Diamond Kings, LLC, are **GRANTED** in the amount of

$3,000, plus $350 in costs.  (Doc. No. 11 & Doc. No. 22.)

A separate Default Judgment shall accompany this Memorandum and Order.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2012.